UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

CHACE A. FELIX,                          )
                                         )
        Plaintiff,                       )
                                         )
    v.                                   )    Case No. 2:15-cv-149
                                         )
NORTHWEST STATE                          )
CORRECTIONAL FACILITY and                )
JOHN and JANE DOE,                       )
                                         )
        Defendants.                      )

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**
(Docs. 12 & 16)

This matter came before the court for a review of the Magistrate Judge's January 21, 2015 Report and Recommendation ("R & R") (Doc. 16), wherein the Magistrate Judge recommended that the court grant Defendant Northwest State Correctional Facility's ("NWSCF") unopposed motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted, pursuant to Fed. R. Civ. P. 12(b)(1) and (6). The Magistrate Judge also recommended dismissal of Plaintiff Chace A. Felix's claims against Defendants John and Jane Doe. Neither party has filed an objection to the R & R, and the deadline for doing so has expired.

In his Complaint, Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 based on his allegations that he was sexually assaulted by inmate "Jeffrey Goldberg" on or around April 16, 2015 through May 17, 2015. (Doc. 5 at 5.) Plaintiff alleges that Mr. Goldberg exposed his genitals to him on more than one occasion and made lewd gestures and threatening comments towards him. After the first incident, Plaintiff claims that he wrote a letter to his mother recounting what had happened. According to Plaintiff, correctional staff read the letter and placed Mr. Goldberg in disciplinary segregation, resulting in

Plaintiff allegedly gaining a reputation as a "rat" and a "slip dropper[,]" which, in turn, allegedly caused Plaintiff to develop a painful "stress rash[.]" *Id.* On or around May 17, 2015, Mr. Goldberg allegedly attempted to pull Plaintiff down from his bed and made further vulgar comments towards him. Because Mr. Goldberg was scheduled to leave NWSCF the next day, Plaintiff wrote a letter to the facility superintendent reporting his actions. Plaintiff allegedly met with "the facility investigator" the next day, who "referred [Plaintiff] to mental health[,] . . . which asked [Plaintiff] questions, making sure [Plaintiff] was ok." *Id.* at 7.

Plaintiff alleges that Defendants John and Jane Doe[1] "authorized" Mr. Goldberg's placement in his housing unit after he was released from disciplinary segregation. *Id.* at 3. Plaintiff further claims that Defendants' conduct has caused him "extreme paranoia" and "immense distress . . . forcing [him] to live in constant pain and suffering, with literally no[]where to turn." *Id.* at 8. As relief, Plaintiff seeks four million dollars in damages based on his alleged stress rash and resulting scarring, his mental distress and future treatment costs, and his prospective lost income.

In its motion, NWSCF seeks dismissal of Plaintiff's Complaint, asserting that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Plaintiff concedes that NWSCF had a grievance procedure in place at all relevant times, which he did not comply with because he "was in fear of [segregation], and in fear of being treated different[ly] and the situation getting even worse." (Doc. 5 at 2.) As alternate bases for dismissal, NWSCF contends that Plaintiff's § 1983 claims for monetary damages are barred by the State of Vermont's

---

[1] Plaintiff is "not sure" who authorized Mr. Goldberg's return to his unit, and thus did not specifically name a defendant or defendants. (Doc. 5 at 3.) This is the only allegation pertaining to the John and Jane Doe defendants.

sovereign immunity under the Eleventh Amendment, and that Plaintiff fails to state a claim based on the Eighth Amendment because NWSCF, a state agency, is not a "person" under § 1983.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his twenty-page R & R, the Magistrate Judge carefully analyzed Plaintiff's claims and recommended dismissal of Plaintiff's Complaint on several grounds. First, the Magistrate Judge determined that Plaintiff failed to exhaust his administrative remedies as required by the PLRA, and his failure to do so did not fall within any of the exceptions to the exhaustion requirement.[2]

Second, the Magistrate Judge concluded that Plaintiff's "stress rash" and speculative future liver damage and skin grafts do not satisfy the physical injury requirement of the PLRA and thus he recommended dismissal of Plaintiff's claims *sua sponte*[3] on this basis. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought

---

[2] *See Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004) (holding that courts should determine whether (1) "administrative remedies were in fact 'available' to the prisoner[;]" (2) the defense of non-exhaustion was forfeited by the defendant's failure to raise or preserve it, or "whether the defendants' own actions inhibiting the inmate's exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense[;]" and (3) "special circumstances have been plausibly alleged that justify the prisoner's failure to comply with administrative procedural requirements") (internal quotation marks omitted).

[3] The Second Circuit has held that "[t]he district court has the power to dismiss a complaint *sua sponte* for failure to state a claim, so long as the plaintiff is given notice and an opportunity to be

by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury"); *see also McCloud v. Tureglio*, 2008 WL 1772305, at *9 (N.D.N.Y. Apr. 15, 2008) (observing that "numerous courts have held . . . that physical manifestations of emotional injuries (e.g., anxiety, depression, stress, nausea, hyperventilation, headaches, insomnia, dizziness, appetite loss, weight loss, etc.) are not 'physical injuries' for purposes of the PLRA.").

Third, with respect to Plaintiff's claims for monetary damages, the Magistrate Judge recommended dismissal based on NWSCF's sovereign immunity under the Eleventh Amendment because the State of Vermont has not waived its immunity, and Congress has not abrogated its immunity by statute. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("The Eleventh Amendment bars such suits unless the State has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.") (internal citation omitted).

Fourth, the Magistrate Judge determined that NWSCF is not a "person" subject to liability under § 1983. *See Spencer v. Doe*, 139 F.3d 107, 111 (2d Cir. 1998) ("Neither a state nor one of its agencies . . . is a 'person' under § 1983."); *see also Santos v. Conn. Dep't of Corr.*, 2005 WL 2123543, at *3 (D. Conn. Aug. 29, 2005) (observing that "[n]either a Department of Correction nor a correctional institution is a 'person' within the meaning of § 1983.").

Finally, the Magistrate Judge recommended that the court dismiss Plaintiff's claims against John and Jane Doe because Plaintiff failed to provide a factual basis for any claims against them, including claims brought under the Eighth Amendment for

---

heard." *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (internal citation and quotation marks omitted). Plaintiff was afforded the opportunity to both oppose NWSCF's motion to dismiss, present his position at oral argument on January 19, 2016, and object to the R & R. He availed himself of none of these opportunities to be heard.

4

"cruel and unusual punishment." (Doc. 5 at 3.) The Magistrate Judge reasoned that a plausible Eighth Amendment claim could not be inferred from Plaintiff's Complaint, even viewing the sole factual allegation concerning John and Jane Doe in the light most favorable to Plaintiff. *See Cooper v. City of New York*, 2014 WL 5315074, at *3 (S.D.N.Y. Oct. 17, 2014) (noting that "fear of an assault is insufficient to state a claim for an Eighth Amendment violation.").

The court agrees with each of the Magistrate Judge's recommendations and finds them well-reasoned. Plaintiff does not object to them or to the Magistrate Judge's conclusion that his Complaint be dismissed. Like the Magistrate Judge, the court finds that a brief opportunity to file an Amended Complaint is consistent with Second Circuit precedent. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (instructing a *pro se* filing should not be dismissed "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated") (internal quotation marks omitted); *see also Boykin v. KeyCorp*, 521 F.3d 202, 216 (2d Cir. 2008) (ruling "even after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases"). This court therefore adopts the R & R in its entirety.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 16) as the court's Opinion and Order, GRANTS Defendants' motion to dismiss (Doc. 12), and DISMISSES the Complaint without prejudice.

Plaintiff is hereby GRANTED twenty (20) days from the date of this Order to file an Amended Complaint. Any amended filing shall be entitled "Amended Complaint" and shall consist of numbered paragraphs containing short and plain factual allegations, a short and plain statement of each legal claim Plaintiff asserts, and a clear and concise statement of the relief requested. *See* Fed. R .Civ. P. 8(a) (listing required contents of a pleading that states a claim for relief). In the Amended Complaint, Plaintiff must allege all claims and name all defendants that Plaintiff intends to include, as the Amended

Complaint will supersede the original Complaint in all respects. Failure to file an Amended Complaint in the time period provided shall result in the dismissal of all claims with prejudice.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 11th day of March, 2016.

Christina Reiss, Chief Judge
United States District Court